09-3054-ag
Zheng v. Holder

BIA
Balasquide, IJ
A094 799 753

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of June, two thousand ten.

PRESENT:
>      DENNIS JACOBS,
>           *Chief Judge,*
>      DEBRA ANN LIVINGSTON,
>      DENNY CHIN,
>           *Circuit Judges.*

_____

GUO YING ZHENG,
>      *Petitioner,*

>      v.                                    09-3054-ag
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:        Gerald Karikari, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Douglas E. Ginsburg, Assistant Director; Jessica R.C. Malloy, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Guo Ying Zheng, a native and citizen of the People's Republic of China, seeks review of a June 30, 2009 order of the BIA, affirming the October 26, 2007 decision of Immigration Judge ("IJ") Javier Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Ying Zheng,* No. A094 799 753 (B.I.A. June 30, 2009), *aff'g* No. A094 799 753 (Immig. Ct. N.Y. City Oct. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Under the REAL ID Act, which applies to Zheng's application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination

2

as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Id. see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007) (finding that "the REAL ID Act no longer requires the trier of fact to find a nexus between inconsistencies and the 'heart of the claim'").

Substantial evidence supports the IJ's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The IJ relied on: (1) Zheng's inconsistent testimony regarding the date he was detained and the date his wife underwent a forced abortion; (2) inconsistencies between his testimony and a letter from his wife; and (3) his admission that he gave a fabricated account at his credible fear interview. We are not compelled to find error in any of these findings, or in the IJ's refusal to credit the explanations Zheng offered. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). The IJ did not err in relying on the record of the initial interview because Zheng admitted that he provided a detailed, fabricated story that he had practiced with a snakehead before his travel to the United States. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004). That statement, coupled with the other

discrepancies the IJ identified, provides ample support for the IJ's adverse credibility determination. Accordingly, the agency's denial of Zheng's application for asylum, withholding of removal, and CAT relief was proper.[1] *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

_____

[1] Because the IJ's adverse credibility finding is supported by the record, we need not reach the agency's alternate burden finding or its discretionary denial of relief.

4